**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LARRY STRODE, )
)
        Plaintiff, )
)
v. ) Case No. 12-1279-CM
)
CAROLYN W. COLVIN,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Larry Strode brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's denial of plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 and 1381. Finding no error in the Commissioner's analysis, the court affirms the decision of the Commissioner.

**I.    Background**

Plaintiff protectively filed for disability insurance benefits and supplemental security income on April 6, 2010.[2] The agency denied his applications initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). Plaintiff's request was granted, and plaintiff appeared with an attorney for a hearing before ALJ Michael D. Shilling on August 25, 2011. At the hearing, the ALJ received testimony from plaintiff and from a vocational expert ("VE").

On September 7, 2011, the ALJ issued a favorable decision. The Appeals Council ("AC") of the Social Security Administration reviewed the ALJ's decision and found that plaintiff was not

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]    Plaintiff has filed other claims for disability benefits; however, those claims are not at issue here.

disabled in its June 5, 2012 decision. Thus, the decision of the AC stands as the final decision of the Commissioner.

The AC agreed with the ALJ's findings under steps one, two, and three of the sequential evaluation.[3] These findings include that plaintiff has not performed substantial gainful activity since April 6, 2010 (plaintiff's amended alleged onset date); that he has severe impairments including status-post left shoulder/arm injury and obesity; and that plaintiff's impairments do not meet or equal the severity of a listed impairment. (R. at 6.) The AC also found that the RFC was accurate, noting that plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), in that plaintiff:

> [C]an lift and/or carry 20 pounds occasionally and 10 pounds frequently with the dominant right upper extremity only. The claimant can walk and/or stand six hours out of an eight hour workday and sit for six hours ou[t] of an eight hour workday. The claimant can occasionally climb stairs but should never climb ropes, ladders, or scaffolds. The claimant can occasionally crawl, but can never perform push, pull, reach, handle or finger activities with the left upper extremity.

(*Id*.)

However, the AC did not agree with the ALJ's finding that plaintiff could not perform his past relevant work as he performed it. (*Id*. at 4–7, 18.) Plaintiff's past work was as a retail clerk. (*Id*. at 5, 188 (indicating that plaintiff held the same position for over ten years).) The AC pointed out that plaintiff met the special earnings requirements of the Act on April 6, 2010, and he continues to meet them through March 31, 2015. (*Id*.) The AC found that information from plaintiff's former employer indicates that plaintiff "had the necessary skills and abilities to perform, and did perform, the retail clerk job at the substantial gainful activity level" and that plaintiff had performed this job long enough to learn the job. (*Id*. at 6.) The AC found that this work qualified as past relevant work that plaintiff

---

[3] Because the AC agreed with these portions of the ALJ's decision, the court does not address them in detail here.

could perform as he performed it based on the RFC determined by the ALJ. (*Id*.) The AC then concluded plaintiff is not disabled within the meaning of the Act. (*Id*.)

## II.     Legal Standard

Under 42 U.S.C. § 405(g) this court applies a two-pronged review to the Commissioner's decision. This review determines (1) whether the Commissioner's decision is supported by substantial evidence in the record as a whole and (2) whether the Commissioner applied the correct legal standards. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "Substantial evidence" means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). In its analysis, the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). On the other hand, the court must examine the entire record—including any evidence that may detract from the Commissioner's decision. *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability. *Hunter*, 321 F. App'x at 792. A disability requires an impairment—physical or mental—that renders one unable to engage in any substantial gainful activity. *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). An impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The Commissioner uses a five-step sequential process to evaluate disability claims. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted). But the Commissioner may stop once she makes a disability determination; she need not proceed to subsequent steps if she concludes that a claimant is or is not disabled at an intermediate step. *Id.* Step one requires the plaintiff to demonstrate that she is not engaged in substantial gainful employment activity. *Id.* If the plaintiff meets this burden, then the Commissioner proceeds to the second step. Step two requires the plaintiff to demonstrate that she has a "medically severe impairment or combination of impairments" that severely limits her ability to do work. *Id.* (internal quotation omitted). At this point, if the plaintiff cannot show that her impairments would have more than a minimal effect on her ability to do work, then the Commissioner may determine plaintiff is not disabled. *Id.* at 751. If the plaintiff meets the de minimis showing, then the Commissioner proceeds to step three. *Id.*

At step three, the Commissioner compares the plaintiff's impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity. *Id.* If the plaintiff's impairment matches one on the list, then a finding of disability is made. *Id.* If not, the Commissioner advances to step four. *Id.* Before step four, however, the Commissioner must assess the plaintiff's RFC. *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). The Commissioner uses this RFC for steps four and five. At step four, the plaintiff must demonstrate that her impairment prevents her from performing her past work. *Williams*, 844 F.2d at 751. If this showing is made, the Commissioner moves to the fifth and final step. *Id.* Here, the burden shifts to the Commissioner. *Id.* The Commissioner must—considering the plaintiff's RFC and vocational factors of age, education and work experience—show that the plaintiff can perform some work that exists in large numbers in the national economy. *Id.*

### III. Analysis

Plaintiff alleges the AC erred at step four of the evaluation process. Specifically, plaintiff contends that his past work was not substantial gainful activity. Plaintiff points out that the AC considered three main pieces of information in making its decision: (1) that plaintiff worked for the company long enough to learn the job; (2) that plaintiff's earnings were well above the substantial gainful activity amounts; and (3) that plaintiff's former employer stated plaintiff completed his job duties with no problems. Plaintiff argues that the AC did not properly consider the other evidence in its determination that plaintiff could perform past relevant work.

The Commissioner argues that substantial evidence supported the AC's determination and that plaintiff failed to rebut the presumption that his past work constituted substantial gainful activity. The Commissioner also notes that plaintiff's brief focuses on why the ALJ's decision was correct, instead of addressing whether the AC's decision was supported by substantial evidence. The court agrees: whether the ALJ's analysis was proper or improper is not the question before the court. Instead, the court must analyze whether the AC's decision was supported by substantial evidence.

Step four requires the Commissioner to compare plaintiff's RFC with the demands of plaintiff's past relevant work to determine whether plaintiff is able to perform that work. 20 C.F.R. §§ 404.1560(b), 416.960(b). Past relevant work is defined as "work that [the plaintiff] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the plaintiff] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Work activity is substantial if it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). Work can be substantial even if it is done part-time or if the plaintiff does less, gets paid less, or has less responsibility than before. *Id.* Gainful work activity is work done for pay or profit, or if it is the kind normally done for pay or profit, whether or not a profit is earned. 20 C.F.R. § 404.1572(b).

If the Commissioner finds that a plaintiff has past relevant work, then the Commissioner must determine whether the plaintiff can perform the past work as ordinarily required by employers in the national economy, or as the plaintiff performed it. Soc. Sec. Ruling 82-61, 1982 WL 31387, at *1–2 (Jan. 1, 1982); Soc. Sec. Ruling 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982). A plaintiff is not disabled if he or she can perform past work as he or she performed it. *Id*. Work done under special conditions that take into account a plaintiff's impairment may still show that a plaintiff retains the required skill and ability to perform substantial gainful activity. 20 C.F.R. §§ 404.1573(c), 416.973(c).

There is a rebuttable presumption that a plaintiff engaged in substantial gainful activity if the plaintiff's earnings surpass a defined amount. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2); *see also Solenberger v. Apfel*, No. 97-4207-SAC, 1999 WL 319081, at *5 (D. Kan. Feb. 17, 1999) (citing *Franco v. Chater*, 98 F.3d 1349, 1996 WL 559641, at *1–2 (10th Cir. 1996)). In 2007 through 2009, plaintiff earned more than $20,000 per year. (R. at 5, 169.) The AC correctly determined that plaintiff met the special earnings requirements of the Act. (*Id*. at 5–6, 149 (DI 10501.015 Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity (Table 2, defining substantial gainful activity earnings guidelines by year))); 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Therefore, plaintiff must rebut the presumption that he engaged in substantial gainful activity.

The AC correctly determined that plaintiff has failed to rebut the presumption. (R. at 5–6.) As stated above, plaintiff's past relevant work is as a retail clerk. The ALJ determined that, based on plaintiff's testimony that he received accommodations, plaintiff could not perform his past relevant work. (*Id*. at 5, 18.) But, as the AC noted, the analysis does not stop there. The evaluation must consider the nature and extent of the accommodations and determine whether—despite those

accommodations—plaintiff's past relevant work as a retail clerk constituted substantial gainful activity. 20 C.F.R. §§ 404.1573(c), 416.973(c).

Here, the AC relied on plaintiff's former employer's report in determining that plaintiff had the necessary skills and abilities to perform, and did perform, the retail clerk job at the substantial gainful activity level. (*Id.* at 6.) The AC relied on statements in the report that plaintiff could generally complete his duties without any significant problems or accommodations. (*Id.* at 6, 231–233.) The AC also relied on the former employer's statements that plaintiff could learn job duties in an expected amount of time, accepted instructions and reasonable criticism, adapted to work changes, and needed only ordinary supervision and attention. (*Id.*) The AC further found that plaintiff performed this job during the relevant period for long enough to learn the job. (*Id.* at 6.) Based on these findings, the AC found that plaintiff's retail clerk job constituted past relevant work that plaintiff could perform as he performed it based on plaintiff's RFC. (*Id.*) The AC then found that plaintiff was not disabled. (*Id.*)

Plaintiff argues that the AC erred because it gave more weight to the report from plaintiff's former employer than to plaintiff's own testimony regarding the accommodations he received. Plaintiff's testimony conflicts with the report of his former employer; however, the court will not disturb the AC's decision to afford more credit to the employer's report. *See Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (quotation omitted) ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."). Plaintiff asks the court to reweigh the evidence, but the court cannot. *See White*, 271 F.3d at 1257 (citation omitted). And even if the AC had credited plaintiff's testimony that he received special accommodations, the AC could still conclude that plaintiff's work constituted substantial gainful activity. *See Martinez v. Comm'r of Soc. Sec.*, 132 F.

App'x 310, 313 (11th Cir. 2005) (finding that the plaintiff's testimony that he received special accommodations did not prevent the Commissioner from concluding that the plaintiff's work met the substantial gainful activity level) (citing 20 C.F.R. § 404.1573(c) (stating that work done under special conditions may still qualify as substantial gainful activity)).

The AC properly relied on the former employer's report, as well as the rebuttable presumption based on plaintiff's earnings. Therefore, there is substantial evidence that supports the AC's determination that plaintiff's retail clerk job constituted past relevant work that plaintiff could perform as he performed it based on his RFC. The court finds no error and affirms the Commissioner's decision.

**IT IS THEREFORE ORDERED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's decision.

Dated this 4th day of September, 2013, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
United States District Judge